```
1                UNITED STATES DISTRICT COURT

2                SOUTHERN DISTRICT OF CALIFORNIA

3
     UNITED STATES OF AMERICA,    )
4                                 )
                 PLAINTIFF,       )   CASE NO. 16CR0875-JAH
5                                 )
     VS.                          )   SAN DIEGO, CALIFORNIA
6                                 )
     VICTOR CERVANTES,            )   MONDAY,
7                                 )   MAY 15, 2017
                 DEFENDANT.       )   10:06 A.M.
8    _____)

9

10              REPORTER'S TRANSCRIPT OF PROCEEDINGS

11                      SENTENCING HEARING

12           BEFORE THE HONORABLE JOHN A. HOUSTON
                 UNITED STATES DISTRICT JUDGE
13

14   APPEARANCES:

15   FOR THE GOVERNMENT:    ALANA WONG, ACTING U.S. ATTORNEY
                            BY:  C. SETH ASKINS, ESQ.
16                          ASSISTANT U.S. ATTORNEY
                            880 FRONT STREET
17                          SAN DIEGO, CALIFORNIA  92101

18   FOR THE DEFENDANT:     PAUL D. TURNER
                            ATTORNEY AT LAW
19                          9625 MISSION GORGE ROAD
                            SUITE B2-306
20                          SANTEE, CALIFORNIA  92071

21

22   REPORTED BY:   CAMERON P. KIRCHER
                    CSR NO. 9427, RPR, CRR, RMR
23                  333 W. BROADWAY, SUITE 420
                    SAN DIEGO, CALIFORNIA  92101
24                  E-MAIL:  CPKIRCHER@GMAIL.COM

25
```

|   |   |
|---|---|
| 1 | SAN DIEGO, CALIFORNIA - MONDAY, MAY 15, 2017 |
| 2 | 10:06 A.M. |
| 3 | THE CLERK: NO. 1 ON CALENDAR IS 16CR0875, THE |
| 4 | UNITED STATES OF AMERICA VERSUS VICTOR CERVANTES. |
| 5 | MR. TURNER: GOOD MORNING, YOUR HONOR. PAUL TURNER |
| 6 | APPEARING ON BEHALF OF VICTOR CERVANTES, WHO IS IN CUSTODY |
| 7 | AND ON HIS WAY OUT. |
| 8 | THE COURT: GOOD MORNING, SIR. |
| 9 | MR. ASKINS: GOOD MORNING, YOUR HONOR. SETH ASKINS |
| 10 | FOR THE UNITED STATES. |
| 11 | THE COURT: GOOD MORNING. |
| 12 | MR. TURNER: YOUR HONOR, MR. CERVANTES IS NOW |
| 13 | PRESENT BEFORE THE COURT. |
| 14 | THE COURT: GOOD MORNING. |
| 15 | THE DEFENDANT: GOOD MORNING, JUDGE HOUSTON. |
| 16 | HOW ARE YOU DOING? |
| 17 | THE COURT: I'M WELL. HOW ARE YOU? |
| 18 | THE DEFENDANT: OKAY. |
| 19 | THE COURT: GOOD. |
| 20 | AS YOU KNOW, SIR, WE'RE HERE ON THE MATTER OF YOUR |
| 21 | SENTENCING. I'VE REVIEWED THE PRE-SENTENCE REPORT. YOU |
| 22 | FILED OBJECTIONS, WHICH WERE WITHDRAWN. |
| 23 | I REVIEWED YOUR SENTENCING MEMORANDUM AND LETTERS IN |
| 24 | SUPPORT OF SENTENCING, WHICH INCLUDED THE SUPPLEMENTAL |
| 25 | MEMORANDUM AND LETTERS, YOUR SENTENCING CHART, THE |

1  GOVERNMENT'S MEMORANDUM AND THE GOVERNMENT'S CHART.

2  COUNSEL, I'D LIKE TO HEAR FROM THE GOVERNMENT FIRST.

3  MR. ASKINS:  CERTAINLY, YOUR HONOR.

4  ARE THERE ANY SPECIFIC ISSUES THAT YOU'D LIKE ME TO
5  ADDRESS, OR WOULD YOU JUST LIKE ME TO GO AHEAD AND MAKE MY
6  SENTENCING ARGUMENT?

7  THE COURT:  MAKE YOUR ARGUMENT NOW.  I'D LIKE TO
8  HEAR YOUR THOUGHTS ON DISPARITY.

9  MR. ASKINS:  OKAY.  THANK YOU, YOUR HONOR.

10  AS THE COURT IS AWARE, THERE ARE REALLY TWO TYPICAL
11  COMPONENTS THAT GO INTO DECIDING WHAT AN APPROPRIATE SENTENCE
12  IS IN ANY PARTICULAR CASE --

13  THE COURT:  COULD YOU PULL THE MIC CLOSER, SIR.

14  MR. ASKINS:  I'M SORRY.

15  -- AND FOR ANY PARTICULAR DEFENDANT.  THOSE ARE,
16  TYPICALLY, WHAT THE DEFENDANT DID IN THIS PARTICULAR CASE AND
17  WHO THE DEFENDANT IS AND WHO HE HAS BEEN THROUGHOUT HIS LIFE.

18  IN THIS CASE, THE DEFENDANT IS APPROPRIATELY
19  CLASSIFIED AS A MID-LEVEL SOURCE OF SUPPLY.  HE, ON VERY
20  SHORT NOTICE, WAS ABLE TO PROVIDE DEFENDANT NO. 8,
21  BICENTENNIAL POUTOA, WITH 55 GRAMS OF METHAMPHETAMINE THAT
22  SHE IMMEDIATELY TURNED AROUND AND SOLD TO THE UNDERCOVER
23  OFFICER IN THIS CASE FOR $900.

24  WHEN HE WAS ARRESTED IN THIS CASE, HE WAS ARRESTED
25  IN POSSESSION OF A FIREARM.  AND AMONG THE MID-LEVEL SOURCES

1  OF SUPPLY IN THIS CASE, WHO WERE PRETTY MUCH THE DEFENDANTS
2  WHO APPEAR FROM DEFENDANT NO. 9, MR. CERVANTES, TO DEFENDANT
3  NO. 16, MR. DIBBLE, MR. CERVANTES IS LISTED AT THE TOP OF
4  THAT ECHELON BECAUSE OF WHO HE IS.
5          AND WHO HE IS IS A 43-YEAR-OLD GANG MEMBER, A MEMBER
6  OF THE PARADISE HILLS GANG, WHO HAS A CRIMINAL HISTORY THAT
7  DATES BACK TO 1989, WHEN HE WAS 15 YEARS OLD.  HE HAS A
8  NUMBER OF FELONY CONVICTIONS; AMONG THOSE ARE SIX
9  NARCOTICS-RELATED CONVICTIONS.  AND OF THOSE SIX
10 NARCOTICS-RELATED CONVICTIONS, THREE OF THEM ARE
11 DRUG-TRAFFICKING CONVICTIONS.
12         HIS TWO MOST RECENT CONVICTIONS ARE IN 2010 AND
13 2013, AND THOSE ARE, IN FACT, DRUG-TRAFFICKING CONVICTIONS
14 INVOLVING THE VERY SAME DRUG THAT HE TRAFFICKED HERE; AND
15 THAT WAS METHAMPHETAMINE.
16         AND IT'S BECAUSE OF THOSE TWO CONVICTIONS THAT HE IS
17 APPROPRIATELY CLASSIFIED AS A CAREER OFFENDER.  HE'S ONLY THE
18 SECOND CAREER OFFENDER WHO IS BEING SENTENCED IN THIS CASE
19 THUS FAR.  THE OTHER ONE WAS DEFENDANT NO. 10, MR. SALAS, WHO
20 APPEARS IMMEDIATELY BEHIND HIM.
21         THE GOVERNMENT RECOMMENDED 130 MONTHS FOR MR. SALAS.
22 EVEN THOUGH HIS CRIMINAL HISTORY WAS, I WOULD SAY, LESS
23 SEVERE THAN WHAT MR. CERVANTES' IS, ULTIMATELY THE COURT
24 IMPOSED A 90-MONTH SENTENCE ON MR. SALAS.
25         IN THOSE THREE DRUG-TRAFFICKING CONVICTIONS -- IN

1   TWO OF THOSE, HE WAS ARRESTED IN POSSESSION OF FIREARMS.  SO
2   WE HAVE BOTH DRUG-TRAFFICKING ACTIVITY, GANG MEMBER STATUS
3   AND POSSESSION OF FIREARMS, ALL GOING ON AT THE SAME TIME IN
4   TWO OF THESE PRIOR CONVICTIONS.  HE ALSO HAS A PRIOR
5   CONVICTION FOR ILLEGALLY POSSESSING THE FIREARM BECAUSE HE IS
6   A CONVICTED FELON.
7           HE'S ALSO NOT SOMEONE WHO HAS SERVED ONLY BRIEF
8   STINTS IN PRISON.  HE SERVED MULTI-YEAR STINTS IN PRISON.  HE
9   SERVED A THREE-YEAR PRISON SENTENCE AND HE SERVED A FIVE-YEAR
10  PRISON SENTENCE.
11          HE IS -- EVEN BEFORE THE ENHANCEMENT FOR BEING A
12  CAREER OFFENDER, HE'S IN CRIMINAL HISTORY CATEGORY VI BECAUSE
13  HE HAS 18 CRIMINAL HISTORY POINTS.  AND THAT'S ONLY FROM THE
14  CONVICTIONS THAT DO, IN FACT, SCORE.  HE HAS A NUMBER OF
15  CONVICTIONS WHICH ALSO DON'T SCORE.
16          IN TERMS OF DISPARITY, AS I MENTIONED BEFORE, HE'S
17  DEFENDANT NO. 9.  HE IS SOMEONE WHO WE CONSIDER TO BE THE
18  MOST SERIOUS MID-LEVEL SOURCE OF SUPPLY IN THIS CASE.
19          HE IS SANDWICHED BETWEEN TWO DEFENDANTS WHO HAVE
20  BEEN SENTENCED, AS I MENTIONED ALREADY, MR. SALAS, DEFENDANT
21  NO. 10, WHO WAS A CAREER OFFENDER, AND THE COURT IMPOSED A
22  90-MONTH SENTENCE; BUT HE HAD NO FIREARM INVOLVEMENT IN HIS
23  PRIOR CRIMINAL HISTORY.
24          HE SITS RIGHT BEHIND MS. POUTOA, AND AS THE COURT IS
25  AWARE, MS. POUTOA, IN TERMS OF WHAT SOMEONE DID IN THE CASE

1  AND WHO THAT PERSON IS, MS. POUTOA DID THE MOST IN THIS CASE,
2  JUST BECAUSE SHE WAS THE ONE FROM WHOM THE UNDERCOVER OFFICER
3  WAS MAKING ALL THE BUYS; SO SHE'S INVOLVED IN EIGHT TO TEN
4  CONTROLLED BUYS.
5         BUT IN TERMS OF WHO SHE IS, COMPARED TO WHO THE
6  DEFENDANT IS, HIS CRIMINAL HISTORY DWARFS HERS, BOTH IN TERMS
7  OF LENGTH AND SEVERITY.  AND THE COURT IMPOSED A 110-MONTH
8  SENTENCE ON HER.
9         SO WHILE THE 130-MONTH SENTENCE THAT WE RECOMMEND,
10 THAT PROBATION RECOMMENDS IS ABOVE THAT, FOR BOTH MR. SALAS
11 AND MS. POUTOA, WE FEEL THAT IT IS THE APPROPRIATE SENTENCE
12 IN THIS CASE.
13        AND GIVEN WHO MR. CERVANTES HAS DEMONSTRATED HIMSELF
14 TO BE SINCE 1989, WE FEEL LIKE THERE IS NO REASON FOR THE
15 COURT TO VARY DOWN UNDER 3553, AND THAT'S WHY WE'RE
16 RECOMMENDING A 130-MONTH SENTENCE.
17        THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.
18 COUNSEL.
19        MR. TURNER:  THANK YOU, YOUR HONOR.
20        FIRST OF ALL, YOUR HONOR, I'D LIKE TO POINT OUT THAT
21 MY CLIENT HAS VERA LOPEZ, WHO IS A LONG-TERM FRIEND OF MY
22 CLIENT.  SHE'S IN THE COURTROOM TODAY, AS WELL AS HER NIECE,
23 JULIANA.  THEY HAVE BEEN VERY SUPPORTIVE.
24        THE COURT:  GOOD MORNING.
25        MR. TURNER:  HIS SISTER, JULIANA -- I'M SORRY.

1  JULIANA IS HIS NIECE.  AND HIS SISTER ATTEMPTED TO BE HERE
2  TODAY BUT WAS UNABLE TO GET INTO THE COURTHOUSE BECAUSE OF AN
3  I.D. ISSUE.
4      YOUR HONOR, WHAT THE GOVERNMENT HAS SAID BASICALLY
5  IS THAT BECAUSE OF WHO MR. CERVANTES IS AND HIS POSITION IN
6  THIS PARTICULAR CONSPIRACY, THAT HE SHOULD -- THAT THE COURT
7  SHOULD IMPOSE THE CAREER OFFENDER STATUS AND BASICALLY
8  SENTENCE HIM TO AS MUCH AS ANYONE IN THIS CONSPIRACY HAS
9  GOTTEN SO FAR.  THERE ARE SOME YET TO BE SENTENCED.
10     FIRST OF ALL, YOUR HONOR, I DON'T THINK
11 MR. CERVANTES WILL TAKE ISSUE WITH THE FACT THAT HE HAS
12 SEVERAL CRIMINAL CONVICTIONS.  BUT THE LONGEST CRIMINAL
13 CONVICTION HE'S EVER SERVED IS FIVE YEARS, AND THE GOVERNMENT
14 AND PROBATION ARE RECOMMENDING MORE THAN TWICE THAT IN THIS
15 CASE.
16     AS TO HIS PARTICIPATION IN THIS CASE, THE GOVERNMENT
17 SAYS, WELL, HE'S A MID-LEVEL DEALER.  AGAIN, I WOULD POINT
18 OUT THAT IN THIS CASE, HE WAS -- HIS INVOLVEMENT IS A SINGLE
19 TRANSACTION.  HE'S NOT ON TAPES OR SHOWN TO BE INVOLVED IN
20 ANY OF THE OTHER MANY, MANY TRANSACTIONS THAT THIS
21 INVESTIGATION UNCOVERED.
22     I HAVE ATTEMPTED IN MY DOCUMENTS TO SHOW THAT HE WAS
23 VERY RELUCTANT TO SECURE THIS FOR MR. USINI'S SISTER, WHICH
24 IS BY BICENTENNIAL POUTOA, AND WHY HE WAS RELUCTANT.
25     I THINK HE'S NOT A MID-LEVEL DEALER.  HE'S AN ADDICT

1  WHO KNEW A SOURCE BECAUSE HE NEEDED TO GET HIS DAILY SOURCE
2  OF METHAMPHETAMINE. I DON'T THINK THAT HIS POSITION IN THE
3  NUMBER OF DEFENDANTS IS ANYTHING MORE THAN I GUESS THE
4  GOVERNMENT'S OPINION OF WHERE HE FALLS IN THIS LIST OF
5  CO-CONSPIRATORS.
6  BUT I WOULD ASK THE COURT TO LOOK AT THE FACT THAT
7  HE HAD A SINGLE INCIDENT. HE'S BEEN INVOLVED IN ONLY THAT.
8  AND I THINK THAT THE COURT HAS THE AUTHORITY TO NOT IMPOSE
9  THE CAREER OFFENDER, AND I THINK IN THIS CASE IT WOULD BE AN
10 UNWARRANTED DISPARITY TO DO SO.
11 LASTLY, I'D ASK THE COURT TO LOOK AT MR. CERVANTES'
12 POST-ARREST REHABILITATION EFFORTS, IF YOU WILL. HE HAS BEEN
13 ACTIVE WHILE IN CUSTODY, WHICH HAS BEEN SIGNIFICANT TO DATE.
14 HE HAS COMPLETED THE NON-RESIDENT RDAP PROGRAM. HE HAS
15 WORKED WITHIN THE MCC. HE'S BEEN -- HE'S BEEN BASICALLY A
16 MODEL PRISONER. AND THAT IS CONFIRMED BY HIS COUNSELORS WHEN
17 I VISIT HIM ON THE FLOOR. THEY SAY, I WISH ALL OF THE PEOPLE
18 UP HERE WERE LIKE YOUR CLIENT.
19 YOUR HONOR, I'VE NOTICED A HUGE DIFFERENCE FROM WHEN
20 I FIRST MET MR. CERVANTES, AND HIS WITHDRAWING FROM HIS
21 ADDICTION, TO NOW. HE'S -- NOW THAT HE'S CLEAN AND SOBER,
22 HE'S VERY INSIGHTFUL. HE'S VERY BRIGHT.
23 HE HAS GOALS. AND ONE OF HIS GOALS IS TO SOME DAY
24 PERHAPS HELP COUNSEL OTHER PEOPLE THAT HAVE DEPENDENCY
25 PROBLEMS. AND I THINK HE WOULD BE IN A UNIQUE POSITION TO

1  OFFER, I GUESS, THAT SIDE OF THE DEPENDENCY ISSUE, AND MAYBE
2  THEY WOULD RESPOND TO THAT.
3        I WOULD JUST ASK THE COURT TO LOOK AT HIS ROLE IN
4  THIS CONSPIRACY AND HIS SUPPORT AND EFFORTS THAT HE'S MADE
5  SINCE HE WAS ARRESTED, AND ASK THE COURT NOT TO IMPOSE THE
6  CAREER OFFENDER AND TO SENTENCE HIM TO WHAT WE'VE REQUESTED
7  IN OUR SENTENCING DOCUMENTS.
8        THE COURT:  ALL RIGHT.  THANK YOU.
9        ANYTHING FURTHER, COUNSEL?
10       MR. ASKINS:  NO, YOUR HONOR.  THANK YOU.
11       THE COURT:  ALL RIGHT.  THANK YOU.
12       MS. DENNISON.
13       MS. DENNISON:  I HAVE NOTHING TO ADD, YOUR HONOR.
14 THANK YOU.
15       THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.
16       MR. CERVANTES, WHAT DO YOU HAVE TO SAY BEFORE
17 SENTENCING?
18       THE DEFENDANT:  EXCUSE ME?
19       THE COURT:  WHAT DO YOU HAVE TO SAY TO THE COURT
20 BEFORE SENTENCING, SIR?
21       THE DEFENDANT:  YOUR HONOR, FIRST OFF, I WOULD LIKE
22 TO APOLOGIZE TO THE COURT, MY FAMILY, MY FIANCEE AND ANYONE
23 ELSE I HAVE AFFECTED IN THIS MATTER.  I DID NOT INTEND FOR
24 ANY OF THIS TO HAPPEN, BUT MY RELAPSE INTO DRUG USE LED ME
25 HERE.

1   I DON'T WANT TO THINK AND I DON'T WANT TO -- I DON'T
2   WANT YOU TO THINK I'M USING MY MOTHER'S DEATH -- EXCUSE ME.
3   IT STILL AFFECTS ME -- MY MOTHER'S DEATH AS AN EXCUSE, BUT IT
4   HAD A MAJOR IMPACT ON MY LIFE, ON MY MIND, HEART AND SOUL.
5   I DID NOT KNOW WHAT TO DO AND FELT LOST,
6   EMOTIONLESS.  MY MOTHER'S LOVE WAS TRULY UNCONDITIONAL.  AND
7   THE HURT AND PAIN MADE IT EASY FOR ME TO RELAPSE, TO TAKE THE
8   EASY WAY OUT, TO TAKE AWAY THAT PAIN I WAS FEELING, WHICH
9   BROUGHT ME TO THIS UNFORTUNATE SITUATION.
10  I REALIZE NOW THAT MY MOTHER'S -- MY MOTHER IS GONE,
11  THAT SHE WAS MY SAFETY NET.  AND NOW I HAVE TO ASSUME MY
12  RESPONSIBILITY TO REGAIN MY LIFE, WHICH I HAVE NOW STARTED TO
13  DO THROUGH CLASSES HERE, WHICH I MENTIONED IN MY LETTER TO
14  YOU, AND HAVE BEEN OF GREAT HELP TO MY RECOVERY.
15  NOW THAT I'VE GRIEVED MY MOTHER'S DEATH, I'M SOBER
16  AND CAN THINK CLEARLY, IT HAS HELPED ME OPEN MY EYES TO WHAT
17  I HAVE AND WHAT I NEED TO DO.  I HAVE THE LOVE AND SUPPORT OF
18  MY FIANCEE AND FAMILY, WITH A VERY STRONG SUPPORT GROUP THAT
19  I'M VERY BLESSED TO HAVE.
20  THIS IS MY FAULT, YOUR HONOR.  I'M NOT SAYING IT'S
21  NOT.  AND I JUST PRAY THAT YOU HAVE MERCY ON ME AND
22  UNDERSTANDING.
23  THANK YOU.
24  THE COURT:  ALL RIGHT.  THANK YOU.
25  ALL RIGHT.  SIR, YOUR SENTENCE SHALL BE BASED ON THE

1  FOLLOWING. I LOOK TO THE GUIDELINES FIRST. UNDER THE
2  GUIDELINES, YOUR BASE OFFENSE LEVEL IS 30. THE COURT GRANTS
3  THE GOVERNMENT'S MOTION FOR MINUS-THREE ADJUSTMENT FOR
4  ACCEPTANCE OF RESPONSIBILITY, FOR A TOTAL OFFENSE LEVEL OF
5  31.
6  YOUR CRIMINAL HISTORY SCORE IS 16. YOUR CRIMINAL
7  HISTORY CATEGORY IS VI. AND UNDER THE GUIDELINES, YOUR
8  SENTENCE SHOULD RANGE BETWEEN 188 TO 235 MONTHS IN CUSTODY.
9  COUNSEL.
10  MR. ASKINS: YOUR HONOR, I THINK YOU'RE GETTING TO
11  THE RIGHT PLACE, BUT YOU NEGLECTED TO IMPOSE THE CAREER
12  OFFENDER ENHANCEMENT UP TO 34.
13  THE COURT: THANK YOU, SIR.
14  MR. ASKINS: THANK YOU.
15  THE COURT: I'LL BEGIN AGAIN.
16  YOUR BASE OFFENSE LEVEL IS 30. YOUR BASE OFFENSE
17  LEVEL IS ENHANCED TO LEVEL 34 DUE TO YOUR DESIGNATION AS A
18  CAREER OFFENDER. THERE IS A MINUS-THREE ADJUSTMENT FOR
19  ACCEPTANCE OF RESPONSIBILITY FOR A TOTAL OFFENSE LEVEL OF 31.
20  YOUR CRIMINAL HISTORY SCORE IS 18. YOUR CRIMINAL
21  HISTORY CATEGORY IS VI. AND UNDER THE GUIDELINES, YOUR
22  SENTENCE SHOULD RANGE BETWEEN 188 TO 235 MONTHS IN CUSTODY.
23  YOU OBJECT TO THE DESIGNATION OF CAREER OFFENDER IN
24  THIS CASE. THE COURT FINDS THAT YOUR OBJECTION TO THAT IS
25  OVERRULED. FIRST, YOU DO HAVE THREE QUALIFYING

1  DRUG-TRAFFICKING CONVICTIONS.  TWO OF THEM INVOLVE THE USE OR
2  POSSESSION OF FIREARMS.  YOU HAVE THREE OTHER DRUG
3  CONVICTIONS.  BETWEEN THE AGES OF 15 AND 18, YOU HAD FIVE
4  CONVICTIONS OR ADJUDICATIONS.
5          IN THE 20 YEARS AFTER YOUR 19TH BIRTHDAY, YOU'VE HAD
6  SIX FELONIES AND THREE MISDEMEANORS.  AND AS COUNSEL FOR THE
7  GOVERNMENT POINTED OUT, YOU'RE IN CRIMINAL HISTORY CATEGORY
8  VI ANYWAY, BASED UPON JUST YOUR CRIMINAL HISTORY.  AND
9  THROUGHOUT THIS PROCESS, IN ADDITION TO BEING AN ADDICT
10 POSSIBLY THROUGHOUT THE PROCESS, YOU'VE BEEN A GANG MEMBER
11 THROUGHOUT THE PROCESS.
12         THE COURT FINDS THAT THE CAREER OFFENDER STATUS OR
13 DESIGNATION IS APPROPRIATELY APPLIED IN YOUR CASE.  THE
14 PARTIES HAVE AGREED TO A MINUS-FOUR DOWNWARD DEPARTURE FOR
15 FAST TRACK, RESULTING IN AN OFFENSE LEVEL OF 27 AND GUIDELINE
16 RANGE OF 130 TO 162 MONTHS IN CUSTODY.
17         YOU'VE REQUESTED A MINUS-FOUR DOWNWARD DEPARTURE FOR
18 COMBINATION OF FACTORS.  THE COURT DENIES THAT REQUEST.  I'LL
19 CONSIDER THOSE FACTORS UNDER 3553(A).
20         SO I LOOK TO THE FACTORS PROVIDED BY LAW WHICH
21 PERMIT ME TO DETERMINE AN APPROPRIATE SENTENCE FOR YOU.  I
22 TAKE INTO ACCOUNT YOUR PERSONAL HISTORY AND CHARACTERISTICS.
23 I TAKE INTO ACCOUNT YOUR ADDICTION.  AND I MUST FACTOR INTO
24 ACCOUNT YOUR PRIOR CRIMINAL HISTORY.
25         AS INDICATED, SINCE THE LATE '80S, YOU'VE BEEN

1  CONSTANTLY ENGAGED IN CRIMINAL ACTIVITY.  I WON'T RECOUNT
2  AGAIN.  THE DRUG CONVICTIONS ARE MOST SERIOUS.  THE FELON IN
3  POSSESSION CONVICTION, MOST SERIOUS.  YOU'VE BEEN SENTENCED
4  TO 5 YEARS IN CUSTODY, 16 MONTHS IN CUSTODY, 3 YEARS IN
5  CUSTODY, 16 MONTHS IN CUSTODY, AND WE'RE STILL HERE.
6       I TAKE INTO ACCOUNT THE NATURE AND -- NATURE OF YOUR
7  PARTICIPATION IN THIS SCHEME AND THE SERIOUSNESS OF THE
8  OFFENSE.
9       YOU HAD A GUN WITH YOU AT THE TIME YOU WERE
10  ARRESTED.  THAT SHOWS NO --
11       THE DEFENDANT:  NO, YOUR HONOR.  I DIDN'T HAVE A GUN
12  WITH ME AT THE TIME I WAS ARRESTED.
13       MR. TURNER:  IF I MAY, YOUR HONOR.  THAT IS NOT PART
14  OF THE FACTUAL BASIS OF THE PLEA.  I BELIEVE THAT A GUN WAS
15  FOUND IN THE HOME WHERE HE RESIDED, BUT HE DID NOT --
16       THE COURT:  IT WAS NOT ON HIS PERSON?
17       MR. TURNER:  CORRECT.
18       THE COURT:  ALL RIGHT.  ANY CLARIFICATION, SIR?
19       MR. ASKINS:  JUST THAT THE GUN WAS FOUND IN THE ROOM
20  HE WAS STAYING IN, YOUR HONOR.
21       THE COURT:  YES.  EXCUSE ME.  YOU HAD IT CLOSE TO
22  YOU.  IT'S WHERE YOU LIVE.  YOU HAVE IT THERE FOR YOUR
23  PROTECTION OR FOR SOME OTHER PURPOSE.  I MEAN, YOU'RE STILL
24  ENGAGED ON THE FRINGE OF THIS ACTIVITY, SIR.
25       THE COURT ALSO NOTES THAT A NUMBER OF YOUR

```
 1   CONVICTIONS DON'T SCORE IN THIS PROCESS, AND YOU'RE STILL IN
 2   CATEGORY VI.  IT ONLY TAKES 13 CRIMINAL HISTORY POINTS TO BE
 3   IN CATEGORY VI AND YOU HAVE 18.  AND ALL OF YOUR CONVICTIONS
 4   DON'T SCORE.
 5            I TRUST THAT -- YOU'RE 43?
 6            THE DEFENDANT:  YES.
 7            THE COURT:  YOU'RE AT THE POINT IN YOUR LIFE THAT
 8   YOU NEED TO WAKE UP.  IT'S TIME, SIR.
 9            THE DEFENDANT:  RIGHT, YOUR HONOR.
10            THE COURT:  BUT IT'S ALSO TIME TO -- YOU KNOW, TO --
11   FOR THERE TO BE AN IMPOSITION OF A SENTENCE THAT REFLECTS
12   YOUR CRIMINAL HISTORY IN ADDITION TO THE ACTIVITY YOU
13   PARTICIPATED IN IN THIS CASE.  YOU NEED TO WAKE UP AND MOVE
14   FORWARD IN A VERY POSITIVE WAY.
15            YOUR CRIMINAL HISTORY DICTATES A SIGNIFICANT
16   SENTENCE IN THIS CASE.  THE GUIDELINE RANGE IS 130 TO 162
17   MONTHS IN CUSTODY.  THE COURT SENTENCES YOU TO 120 MONTHS IN
18   CUSTODY.
19            THERE SHALL BE NO FINE.  YOU SHALL PAY THE $100
20   SPECIAL ASSESSMENT.
21            AND YOU ARE PLACED ON SUPERVISED RELEASE FOR A
22   PERIOD OF FOUR YEARS UNDER THE STANDARD AND MANDATORY TERMS
23   OF SUPERVISION, INCLUDING THE FOLLOWING SPECIAL CONDITIONS:
24            THAT YOU PARTICIPATE IN A PROGRAM OF DRUG OR ALCOHOL
25   ABUSE TREATMENT, INCLUDING DRUG TESTING AND COUNSELING AS
```

1  DIRECTED BY THE PROBATION OFFICER. YOU MAY BE REQUIRED TO
2  CONTRIBUTE TO THE COST OF THAT TREATMENT BASED UPON YOUR
3  ABILITY TO PAY AS DETERMINED BY THE PROBATION OFFICER.
4        AND YOU ARE TO ALLOW RECIPROCAL RELEASE OF
5  INFORMATION BETWEEN THE PROBATION OFFICER AND THE HEALTH CARE
6  PROVIDER TO FACILITATE TREATMENT AND REHABILITATION.
7        YOU ARE TO SUBMIT TO A SEARCH OF YOUR PERSON,
8  PROPERTY, RESIDENCE, OFFICE OR VEHICLE AT A REASONABLE TIME
9  AND IN A REASONABLE MANNER AS DIRECTED BY THE PROBATION
10  OFFICER, BASED UPON REASONABLE SUSPICION THAT YOU ARE IN
11  POSSESSION OF CONTRABAND OR IN VIOLATION OF ANY OTHER
12  CONDITION OF SUPERVISED RELEASE.
13        YOUR FAILURE TO SUBMIT TO SUCH A SEARCH WILL BE A
14  VIOLATION OF THIS CONDITION. AND YOU ARE TO ADVISE OTHERS
15  WITH WHOM YOU LIVE THAT YOU'RE SUBJECT TO SUCH A SEARCH.
16  THIS MEANS THAT IF YOU'RE LIVING WITH SOMEONE ELSE AND
17  SOMEONE ELSE OBJECTS TO THE SEARCH, THEN YOU'RE IN VIOLATION
18  OF THE CONDITIONS OF YOUR SUPERVISED RELEASE.
19        DO YOU UNDERSTAND, SIR?
20        THE DEFENDANT: YES.
21        THE COURT: YOU ARE TO REPORT ALL VEHICLES OWNED OR
22  OPERATED BY YOU OR IN WHICH YOU HAVE AN INTEREST TO YOUR
23  PROBATION OFFICER.
24        YOU SHALL NOT ASSOCIATE WITH ANY KNOWN MEMBER,
25  PROSPECT OR ASSOCIATE OF THE PARADISE HILLS OR ANY OTHER

1  KNOWN GANG OR CLUB WITH A HISTORY OF CRIMINAL ACTIVITY UNLESS
2  GIVEN PERMISSION BY THE PROBATION OFFICER.
3           YOU SHALL NOT WEAR OR POSSESSION ANY PARAPHERNALIA,
4  INSIGNIA, CLOTHING, PHOTOGRAPHS OR ANY OTHER MATERIALS
5  ASSOCIATED WITH A KNOWN GANG, UNLESS GIVEN PERMISSION BY THE
6  PROBATION OFFICER.
7           YOU SHALL NOT LOITER OR BE PRESENT IN LOCATIONS
8  KNOWN TO BE AREAS WHERE KNOWN GANG MEMBERS CONGREGATE, UNLESS
9  GIVEN PERMISSION BY THE PROBATION OFFICER.
10          DO YOU UNDERSTAND THOSE CONDITIONS, SIR?
11          THE DEFENDANT:  YES.
12          THE COURT:  THE COURT WILL RECOMMEND THE 500-HOUR
13 DRUG TREATMENT PROGRAM FOR YOU.  BUT THAT'S ONLY A
14 RECOMMENDATION.  IT'S UP TO THE BUREAU OF PRISONS TO PLACE
15 YOU.
16          DO YOU UNDERSTAND?
17          THE DEFENDANT:  YES.
18          THE COURT:  COUNSEL, ANY OTHER RECOMMENDATION
19 REQUESTS, SIR?
20          MR. TURNER:  YOUR HONOR, I WOULD ASK THE COURT TO
21 RECOMMEND THAT HE BE -- I MEAN, HE'S REQUESTED TERMINAL
22 ISLAND, BUT AT LEAST IN THE WESTERN REGION, SO THAT FAMILY
23 MEMBERS AND FRIENDS CAN BE ABLE TO VISIT.
24          THE COURT:  THE COURT WILL RECOMMEND THAT YOU BE
25 HOUSED IN THE WESTERN REGION OF THE COUNTRY SO THAT FAMILY

1   MEMBERS CAN VISIT.  BUT THAT'S ONLY A RECOMMENDATION, SIR.
2   IT'S UP TO THE BUREAU OF PRISONS TO PLACE YOU.
3           DO YOU UNDERSTAND?
4           THE DEFENDANT:  I UNDERSTAND.
5           THE COURT:  ALL RIGHT.  COUNSEL, COME FORWARD TO
6   OBTAIN THE CONDITIONS.
7           DO YOU UNDERSTAND YOU'VE WAIVED YOUR RIGHT TO APPEAL
8   AND TO COLLATERALLY ATTACK YOUR CONVICTION AND SENTENCE?
9           MR. TURNER:  YOUR HONOR, WHILE I BELIEVE HE MAY HAVE
10  WAIVED HIS RIGHT TO APPEAL THE SENTENCE, I THINK THERE IS AN
11  ISSUE THAT HE HAS RAISED THAT HE WOULD BE ABLE TO APPEAL ON
12  THAT BASIS; SO I WOULD ASK THE COURT TO AT LEAST ADVISE
13  HIM.
14          THE COURT:  ALL RIGHT.  SIR, DO YOU UNDERSTAND
15  YOU'VE WAIVED YOUR RIGHT TO APPEAL YOUR CONVICTION AND
16  SENTENCE WITHIN THE PARAMETERS OF YOUR PLEA AGREEMENT?
17          THE DEFENDANT:  YES.
18          THE COURT:  ALL RIGHT.  COUNSEL.
19          MR. ASKINS:  YOUR HONOR, I WOULD JUST CLARIFY FOR
20  THE RECORD THAT PURSUANT TO THE TERMS OF THE PLEA AGREEMENT,
21  HE WAIVED APPEAL THROUGH THE HIGH END OF THE GUIDELINE RANGE
22  AS RECOMMENDED BY THE GOVERNMENT AT THE TIME OF SENTENCING,
23  AND THE COURT HAS IMPOSED A SENTENCE AT THE LOW END OF THAT
24  RANGE; SO IT IS ENCOMPASSED WITHIN THE APPELLATE WAIVER IN
25  THE PLEA AGREEMENT.

1  THE COURT: THE SENTENCE IS BELOW THE RANGE.
2  MR. ASKINS: I'M SORRY. IT IS, THAT'S CORRECT.
3  MR. TURNER: WELL, THAT IS TRUE. AND I DON'T KNOW
4  THAT HE IS GOING TO PURSUE THIS. THERE WAS AN EXCEPTION TO
5  THE APPELLATE WAIVER THAT HE'S EXPRESSED TO ME, AND I WOULD
6  JUST ASK THE COURT TO ADVISE HIM OF HIS RIGHT TO APPEAL.
7  THE COURT: IS IT WITHIN THE PLEA AGREEMENT, SIR?
8  MR. TURNER: IT IS.
9  THE COURT: WELL, THEN YOU UNDERSTAND YOU'VE WAIVED
10  YOUR RIGHT TO APPEAL AND COLLATERALLY ATTACK YOUR CONVICTION
11  AND SENTENCE WITHIN THE PARAMETERS OF YOUR PLEA AGREEMENT?
12  DO YOU UNDERSTAND THAT, SIR?
13  THE DEFENDANT: YES.
14  THE COURT: IF THERE IS SOME EXCEPTION THERE, THEN
15  THAT'S PART OF THE PLEA AGREEMENT.
16  DO YOU UNDERSTAND?
17  THE DEFENDANT: YES.
18  THE COURT: ALL RIGHT. THAT'S WHERE I AM, SIR. ALL
19  RIGHT.
20  MR. TURNER: I UNDERSTAND. OKAY.
21  THE COURT: ALL RIGHT. IF THERE IS AN EXCEPTION IN
22  THE PLEA AGREEMENT THAT PERMITS YOU TO APPEAL, THEN YOU MAY
23  TAKE ADVANTAGE OF THAT. BUT I'LL LEAVE THAT TO -- THAT'S THE
24  NOTICE I GIVE YOU.
25  ALL RIGHT. DO YOU UNDERSTAND?

1  THE DEFENDANT:  YES.
2  THE COURT:  ALL RIGHT.
3  MR. TURNER:  THANK YOU, YOUR HONOR.
4  THE COURT:  IS THERE ANYTHING ELSE WE CAN DISCUSS?
5  MR. ASKINS:  NO, YOUR HONOR.
6  THE COURT:  ARE THERE ANY OUTSTANDING CHARGES --
7  COUNTS?
8  MR. ASKINS:  YOUR HONOR, AT THIS TIME, THE
9  GOVERNMENT WOULD MOVE TO DISMISS ANY REMAINING COUNTS AS TO
10 MR. CERVANTES.
11 THE COURT:  ALL RIGHT.  ANY REMAINING COUNTS ARE
12 DISMISSED.
13 SIR, I'M OF THE MIND THAT THIS IS AN APPROPRIATE
14 SENTENCE UNDER ALL THE CIRCUMSTANCES.
15 THAT'S ALL.
16 MR. ASKINS:  THANK YOU, YOUR HONOR.
17 (PROCEEDINGS CONCLUDED AT 10:34 A.M.)
18 --o0o--
19 C E R T I F I C A T I O N
20 I HEREBY CERTIFY THAT I AM A DULY APPOINTED, QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
21 STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN THE
22 AFOREMENTIONED CAUSE; THAT SAID TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE
23 FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES JUDICIAL CONFERENCE.
24 DATED:  JUNE 30, 2017, AT SAN DIEGO, CALIFORNIA.
   S/CAMERON P. KIRCHER
25 CAMERON P. KIRCHER